UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAYMOND ORTIZ,
    *Plaintiff*,

v.                                                                                   No. 3:22-cv-136 (JAM)

NICOLE GURNEY,
    *Defendant*.

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

    Raymond Ortiz has filed this *pro se* and *in forma pauperis* action against Nicole Gurney alleging that she is violating his constitutional rights by refusing to comply with a state court order allowing him to visit his daughter. Because it appears that the complaint fails to state a claim or to allege a dispute that is subject to the jurisdiction of a federal court to resolve, the Court shall require Ortiz to file an amended complaint or a response by **March 14, 2022**, explaining why the complaint should not be dismissed.

### BACKGROUND

    Ortiz is a citizen of New York, and Gurney is a citizen of Connecticut.[1] Ortiz alleges that Gurney has refused to comply with an order of the Superior Court in Bridgeport, Connecticut, granting him the right to visit his daughter.[2] Further, Ortiz alleges that Gurney has refused to involve Ortiz in his child's "educational, clinical, psychiatric and medical upbringing."[3] Ortiz claims that Gurney has thereby violated his "civil and constitutional right to visit with his child" under the Fourteenth Amendment.[4] Ortiz also alleges that Gurney has neglected his child's mental health and wellbeing.[5] As relief, Ortiz seeks ten million dollars in damages for "lost

---

[1] Doc. #1 at 1 (complaint)
[2] *Id.* at 3.
[3] *Ibid*.
[4] *Ibid*.
[5] *Id*. at 5.

1

wages, mental stress and health discord."[6]

## DISCUSSION

This Court has authority to review and dismiss a complaint if it is "frivolous or malicious" or if it otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). If the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Ortiz may file a response if he wishes to.

Ortiz's complaint alleges liability for violation of his federal constitutional rights under 42 U.S.C. § 1983. This civil rights statute generally allows a plaintiff to seek relief against a person who acts under color of state law to violate a plaintiff's federal constitutional rights. A prerequisite for any claim under § 1983 is that the defendant acted in a governmental capacity—that is, that the defendant was a "state actor" for purposes of the challenged conduct. Put differently, a plaintiff may not maintain an action under § 1983 against a private party unless the plaintiff shows that the private party's actions amounted to action that was undertaken in a state or governmental capacity. *See Fabrikant v. French*, 691 F.3d 193, 206–09 (2d Cir. 2012).

---

[6] *Ibid*.

Just what does it mean for a private party to be a state actor? The Second Circuit has articulated three different tests to answer this question. "A private entity acts under color of state law for purposes of § 1983 when (1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function test']." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (internal quotations omitted, brackets in original). Thus, "[t]he fundamental question under each test is whether the private entity's challenged actions are fairly attributable to the state." *Ibid.* (internal quotations omitted).

Ortiz admits that "[a]t the time the claim(s) alleged in th[e] complaint arose," Gurney was not "acting under color of state law."[7] Nor does the complaint appear to allege facts to suggest that Gurney was a state actor. For example, it alleges that Gurney is employed at a public high school, but it does not allege facts to suggest that Gurney's employment has anything to do with preventing Ortiz from seeing his child. The fact that Gurney has not complied with state court orders is not enough to qualify Gurney as a state or governmental actor. *See Rasheed v. Bank of New York Mellon*, 2014 WL 12860576, at *4 (N.D. Ga. 2014) ("[F]ailure to comply with a state court order does not convert a private entity into a state actor for purposes of § 1983 litigation."), *report and rec. adopted*, 2015 WL 13773869 (N.D. Ga. 2015); *see also Olesh v. Symetra Life Ins. Co.*, 2008 WL 11471058, at *8 (D. Conn. 2008) (private party not "state actor" by virtue of party's compliance with state court order requiring withholding of money for child support).

Even assuming that Ortiz alleged enough facts to suggest that Gurney was a state actor, federal courts generally abstain from exercising federal question jurisdiction over claims

---

[7] *Id*. at 2 (checking "No" in answer to question whether "this defendant [was] acting under color of state law").

3

concerning domestic relations such as divorce and alimony, child custody, visitation rights, child support, or enforcement of separation or divorce decrees still subject to state court modification. *See Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019). Thus, the Second Circuit has recognized that abstention is appropriate in federal question cases when the claims verge on "being matrimonial in nature" and "are capable of being fairly resolved in state court." *Id*. at 625.

As presently framed, Ortiz's claims appear more suitable for resolution in state court than federal court. Ortiz's core allegations involve disputed custody and parental rights that are already subject to a state court order. *See Cleary v. MacVicar*, 813 F. App'x 12, 13 (2d Cir. 2020) (abstention appropriate over disputed custody and visitation rights).

## CONCLUSION

Because the complaint does not appear to allege facts that establish plausible grounds for relief from a federal court, it appears that the complaint may be subject to dismissal. But if Ortiz has grounds to file an amended complaint that overcomes these concerns, then he may file a response to this order to show cause by **March 14, 2022**.

It is so ordered.

Dated at New Haven this 28th day of February 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge